# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

In re:

JULIAN RODNEY ROOKS, JR.,           CASE NO.: 16-40025-KKS
                                                     CHAPTER: 7

   Debtor.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, *MOTION FOR DETERMINATION AND WAIVER OF DEBTOR'S DUTY TO COMPLY WITH THE CREDIT COUNSELING REQUIREMENT OF 11 U.S.C. SECTION 109(h)(1)* (DOC. 15)[1]

THIS MATTER is before the Court on the self-represented Debtor's *Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 U.S.C. Section 109(h)(1)* (the "Motion," Doc. 15), filed on January 27, 2016.

Under 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless such individual has received credit counseling within the 180-day period preceding the date of filing the petition. Subsection (h)(3) permits a 30-day waiver of the credit counseling requirement. To receive the temporary waiver, the Debtor must state that he requested credit counseling services, could not obtain those services within the seven days following his request, and allege exigent circumstances that merit a

---

[1] Simultaneously with this Order, the Court is entering an *Order Denying, Without Prejudice, Debtor's Request for Temporary Waiver of Credit Counseling Requirement (Doc. 1)*. Both that Order and this Order give the Debtor through March 4, 2016, to submit credit counseling documentation, received pre-petition, or an amended motion containing allegations sufficient under 11 U.S.C. § 109(h).

waiver of the credit counseling requirement. 11 U.S.C. § 109(h)(3)(A). The Court may extend the 30-day waiver period an additional fifteen (15) days for cause. 11 U.S.C. § 109(h)(3)(B).

In the Motion the Debtor merely states that conduct of third parties (named in a complaint filed in a separate adversary proceeding (Adv. Pro. 16-04003-KKS)) is the reason this Court should grant a waiver. The Motion does not contain allegations sufficient to justify either a temporary or complete waiver of the credit counseling requirement pursuant to Section 109 of the Bankruptcy Code.

On February 4, 2016, thirteen days post-petition, the Debtor filed a Certificate of Credit Counseling that shows the Debtor received counseling post-petition (Doc. 27). This post-petition Certificate of Counseling will not enable the Debtor to qualify as a debtor under the Bankruptcy Code unless the Court grants the Debtor a temporary exemption from the credit counseling requirement. For these reasons, it is

ORDERED:

1. The self-represented Debtor's *Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 U.S.C. Section 109(h)(1)* (Doc. 15) is DENIED.

2. On or before March 4, 2016, the Debtor must file documentation to show that he received the required credit counseling pre-petition, or a proper motion for

a temporary waiver that contains sufficient allegations pursuant to § 109(h), failing which the case shall be dismissed.

3. To allow the Debtor adequate time to comply with this Order, and to the extent necessary, the Court extends the 30-day waiver period, set to expire on February 22, 2016, through March 4, 2016.

DONE and ORDERED on      February 18, 2016     .

KAREN K. SPECIE
United States Bankruptcy Judge

cc:  All interested parties

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311