**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

In re:

JULIAN RODNEY ROOKS, JR.,　　　　　　CASE NO.:  16-40025-KKS
　　　　　　　　　　　　　　　　　　　　CHAPTER:  7
　　Debtor.
_____/

**ORDER DENYING, WITHOUT PREJUDICE, DEBTOR'S REQUEST FOR
TEMPORARY WAIVER OF CREDIT COUNSELING REQUIREMENT
(DOC. 1, p. 5)[1]**

THIS CASE is before the Court on the self-represented Debtor's request for a temporary waiver of the credit counseling requirement included in his *Voluntary Petition* (the "Petition," Doc. 1, p. 5) filed on January 22, 2016.

Under 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless such individual has received credit counseling within the 180-day period preceding the date of filing the petition. Subsection 109 (h)(3) permits the Court to grant a 30-day waiver of the credit counseling requirement, provided a debtor alleges that he/she requested credit counseling services, could not obtain those services within the seven days following the request, and exigent circumstances that merit a waiver of the

---

[1] Simultaneously with this Order, the Court is entering an *Order Denying, Without Prejudice, Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 U.S.C. Section 109(h)(1) (Doc. 15)*. Both that Order and this Order give the Debtor through March 4, 2016, to submit credit counseling documentation showing that the Debtor received the required credit counseling pre-petition, or an amended motion containing allegations sufficient under 11 U.S.C. § 109(h).

credit counseling requirement. 11 U.S.C. § 109(h)(3)(A). The Court may extend the 30-day waiver period an additional fifteen (15) days for cause.

In his Voluntary Petition the Debtor checked the box that requests a temporary waiver of the credit counseling requirement but crossed out the portion that states that he requested credit counseling services and was unable to obtain those services within the seven days following the request. The Debtor also did not, as required, explain what efforts were made to obtain the counseling, why the Debtor could not obtain the counseling before filing bankruptcy, and what exigent circumstances required the Debtor to file this case (Doc. 1, p. 5).

On February 4, 2016, thirteen days post-petition, the Debtor filed a Certificate of Credit Counseling (Doc. 27) that reflects he received credit counseling post-petition. Without a grant of a temporary exemption from the credit counseling requirement, this is insufficient to make the Debtor eligible to qualify as a debtor under the Bankruptcy Code.

Because the Debtor has not met the requirements of the Bankruptcy Code to merit a waiver of the credit counseling requirement, the Debtor's request must be denied. For these reasons, it is ORDERED:

1. The Debtor's request for a temporary waiver of the credit counseling requirement contained in the *Voluntary Petition* (Doc. 1, p. 5) is DENIED, without prejudice.

2. On or before March 4, 2016, the Debtor must file documentation to show that he received the required credit counseling pre-petition, or a proper motion for a temporary waiver that contains sufficient allegations pursuant to § 109(h), failing which the case shall be dismissed.

3. To allow the Debtor adequate time to comply with this Order, and to the extent necessary, the Court extends the 30-day waiver period, set to expire on February 22, 2016, through March 4, 2016.

DONE and ORDERED in Tallahassee, Florida this __February 18, 2016__.

KAREN K. SPECIE
United States Bankruptcy Judge

cc: All interested parties

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311