United States Bankruptcy Court
Northern District of Florida

In re:  
Julian Rodney Rooks, Jr.  
     Debtor

Case No. 16-40025-KKS  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 1129-4　　　User: ldavis　　　Page 1 of 1　　　Date Rcvd: Feb 18, 2016  
　　　　　　　　　　　　　　Form ID: pdf002　　Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 20, 2016.  
db　　　　　+Julian Rodney Rooks, Jr.,　3648 Dartford Lane,　Tallahassee, FL 32311-7773

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

　　　　　***** BYPASSED RECIPIENTS *****  
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 20, 2016　　　　　　　　　　　　　　　Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 18, 2016 at the address(es) listed below:  
　　　　Mary W. Colon　　trustee@marycolon.com,　fl33@ecfcbis.com  
　　　　United States Trustee　　USTPRegion21.TL.ECF@usdoj.gov  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

In re:

JULIAN RODNEY ROOKS, JR.,           CASE NO.: 16-40025-KKS
                                                     CHAPTER: 7

   Debtor.
                                     /

## ORDER DENYING, WITHOUT PREJUDICE, DEBTOR'S REQUEST FOR TEMPORARY WAIVER OF CREDIT COUNSELING REQUIREMENT (DOC. 1, p. 5)[1]

THIS CASE is before the Court on the self-represented Debtor's request for a temporary waiver of the credit counseling requirement included in his *Voluntary Petition* (the "Petition," Doc. 1, p. 5) filed on January 22, 2016.

Under 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless such individual has received credit counseling within the 180-day period preceding the date of filing the petition. Subsection 109 (h)(3) permits the Court to grant a 30-day waiver of the credit counseling requirement, provided a debtor alleges that he/she requested credit counseling services, could not obtain those services within the seven days following the request, and exigent circumstances that merit a waiver of the

---

[1] Simultaneously with this Order, the Court is entering an *Order Denying, Without Prejudice, Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 U.S.C. Section 109(h)(1) (Doc. 15)*. Both that Order and this Order give the Debtor through March 4, 2016, to submit credit counseling documentation showing that the Debtor received the required credit counseling pre-petition, or an amended motion containing allegations sufficient under 11 U.S.C. § 109(h).

credit counseling requirement. 11 U.S.C. § 109(h)(3)(A). The Court may extend the 30-day waiver period an additional fifteen (15) days for cause.

In his Voluntary Petition the Debtor checked the box that requests a temporary waiver of the credit counseling requirement but crossed out the portion that states that he requested credit counseling services and was unable to obtain those services within the seven days following the request. The Debtor also did not, as required, explain what efforts were made to obtain the counseling, why the Debtor could not obtain the counseling before filing bankruptcy, and what exigent circumstances required the Debtor to file this case (Doc. 1, p. 5).

On February 4, 2016, thirteen days post-petition, the Debtor filed a Certificate of Credit Counseling (Doc. 27) that reflects he received credit counseling post-petition. Without a grant of a temporary exemption from the credit counseling requirement, this is insufficient to make the Debtor eligible to qualify as a debtor under the Bankruptcy Code.

Because the Debtor has not met the requirements of the Bankruptcy Code to merit a waiver of the credit counseling requirement, the Debtor's request must be denied. For these reasons, it is ORDERED:

    1. The Debtor's request for a temporary waiver of the credit counseling requirement contained in the *Voluntary Petition* (Doc. 1, p. 5) is DENIED, without prejudice.

2. On or before March 4, 2016, the Debtor must file documentation to show that he received the required credit counseling pre-petition, or a proper motion for a temporary waiver that contains sufficient allegations pursuant to § 109(h), failing which the case shall be dismissed.

3. To allow the Debtor adequate time to comply with this Order, and to the extent necessary, the Court extends the 30-day waiver period, set to expire on February 22, 2016, through March 4, 2016.

DONE and ORDERED in Tallahassee, Florida this  February 18, 2016  .

KAREN K. SPECIE
United States Bankruptcy Judge

cc: All interested parties

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311