United States Bankruptcy Court
Northern District of Florida

In re:                                                                   Case No. 16-40025-KKS
Julian Rodney Rooks, Jr.                                                 Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 1129-4         User: ldavis              Page 1 of 2            Date Rcvd: Mar 30, 2016
                             Form ID: pdf002           Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 01, 2016.
```
db             +Julian Rodney Rooks, Jr.,    3648 Dartford Lane,    Tallahassee, FL 32311-7773
2057163         Capital One,    Attn: General Correspondence,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
2057162         Chase Card Services,    P.O. Box 94014,    Palatine, IL 60094-4014
2057156       ++++DEUTSCH BANK ELT SLM TRUSTS,    ATTN: DEB SOUTHERLAND,    11600 AMERICAN DREAM WAY,
                 RESTON VA   20190-4758
                (address filed with court:  Deutsch Bank ELT SLM Trusts,    Attn: Deb Southerland,
                 11600 Sallie Mae Dr.,    Reston, VA 20193)
2059686         Doris Maloy, Leon County Tax Collector,    Attn: Tax Administration Dept,    Post Office Box 1835,
                 Tallahassee, FL 32302-1835
2057159         Finance Authority of Maine (FAME),    P.O. Box 6180,    Indianapolis, IN 46206-6180
2057157        +JP Morgan Chase Bank, NA,    c/o Sallie Mae,    P.O. Box 59012,    Panama City, FL 32412-9012
2057161         Providian,    Parent/ JP Morgan Chase Bank,    Cardmember Services,    P.O. Box 15148,
                 Wilmington, DE 19886-5148
2057158        +SLM Education Finance Credit Corp.,    2001 Edmund Halley Dr.,    Reston, VA 20191-3436
2057160         USA Funds, Inc.,    P.O. Box 6180,    Indianapolis, IN 46206-6180
2057155        +Wells Fargo ELT SLFA-WA, Inc.,    625 Marquette Ave.,    MAC N9311-115,
                 Minneapolis, MN 55402-2308
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
2057154        +E-mail/PDF: pa_dc_claims@navient.com Mar 31 2016 01:17:42     Sallie Mae, Inc.,
                 220 Lasley Ave.,    Wilkes-Barre, PA 18706-1496
                                                                                              TOTAL: 1
```
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 01, 2016                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 30, 2016 at the address(es) listed below:
```
              Brian   Pantaleo    on behalf of Defendant    St Matthew's University School of Medicine LLC, a
               Florida Corporation brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    St Matthews University et al.,
               brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    St Matthew's University (Cayman) Ltd., a Florida
               Corporation brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    Equinox, et al brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    Equinox Capital Partners LLC
               brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    St Matthews University School of Medicine et al.,
               brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    R3 Education, a Massachusetts Corporation, Steven
               Rodger, CEO brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    R3 Education Inc., a Florida Corporation
               brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    St. Matthews University, Inc., a Florida Corporation
               brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    Equinox Capital, Licensed by the United States Small
               Business Administration brian.pantaleo@lockelord.com
              Brian   Pantaleo    on behalf of Defendant    St Matthews University Ltd., a Florida Corporation
               brian.pantaleo@lockelord.com
              Douglas A. Bates   on behalf of Defendant    Sunrise Credit Services, Inc. dbates@cphlaw.com,
               ldunlap@cphlaw.com;sgaherty@cphlaw.com;jfulford@cphlaw.com
              Mary W. Colon    trustee@marycolon.com, fl33@ecfcbis.com
```

```
District/off: 1129-4           User: ldavis                Page 2 of 2                   Date Rcvd: Mar 30, 2016
                               Form ID: pdf002             Total Noticed: 12
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Nicolette Corso Vilmos    on behalf of Defendant    Key Bank nvilmos@broadandcassel.com, dkalman@broadandcassel.com;slarosa@broadandcassel.com
          Nicolette Corso Vilmos    on behalf of Defendant    Key Education Resources General Revenue Corporation nvilmos@broadandcassel.com, dkalman@broadandcassel.com;slarosa@broadandcassel.com
          Ruel William Smith    on behalf of Defendant    GC Services Limited Partnership rsmith@hinshawlaw.com, zhickman@hinshawlaw.com;vtorres@hinshawlaw.com
          United States Trustee    USTPRegion21.TL.ECF@usdoj.gov

                                                                                    TOTAL: 17

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

In re:

JULIAN RODNEY ROOKS, JR.,　　　　　　　CASE NO.:  16-40025-KKS
　　　　　　　　　　　　　　　　　　　　　　CHAPTER:  7
　　Debtor.
_____/

## ORDER DISMISSING CASE

THIS MATTER is before the Court *sua sponte*.  A review of the Docket reveals that the Debtor does not qualify as a debtor, as defined under the Bankruptcy Code, because he did not obtain the required credit counseling.  The Docket also reveals that the Debtor did not comply with prior orders of this Court.  For those reasons, I find that this case should be dismissed.

The self-represented Debtor filed a Chapter 7 Petition commencing this case on January 22, 2016 (the "Petition," Doc. 1).  In the Petition, the Debtor requested a temporary waiver of the credit counseling requirement.  But, he crossed out portions of the form that 1) require a debtor to certify that he "asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after" he made the request, and 2) assert that "exigent circumstances merit a 30-day temporary waiver of the requirement."  (Doc. 1, p. 5.)  Further, the Debtor did not attach a separate sheet or otherwise set forth any "exigent circumstances" that might warrant a thirty-day temporary waiver.  *Id.*

The same day that he filed his voluntary Chapter 7 Petition the Debtor filed an adversary proceeding naming sixty-two defendants, plus unnamed defendants denominated as "John/Jane Doe's [sic]." The Complaint is comprised of 362 pages, including exhibits, sets forth multiple causes of action, and requests, among other things, a trial by jury. (AP No. 16-04003-KKS, Doc. 1.)

On January 27, 2016, the Debtor filed in this administrative case a *Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 U.S.C. Section 109(h)(1)* (the "Motion," Doc. 15). In that Motion, the Debtor recited no "exigent circumstances" or facts upon which this Court could base a waiver of the credit counseling requirement under the applicable provisions of the Bankruptcy Code. Rather, the Debtor merely alleged: "Plaintiff's [presumably the debtor's] core proceedings are the direct and proximate cause of the unlawful conduct of Defendants [in a related adversary proceeding]." *Id.*

On February 18, 2016, the Court entered two Orders: (1) *Order Denying, Without Prejudice, Motion for Determination and Waiver of Debtor's Duty to Comply with the Credit Counseling Requirement of 11 U.S.C. Section 109(h)(1)*; and (2) *Order Denying, Without Prejudice, Debtor's Request for Temporary Waiver of Credit Counseling Requirement (Doc. 1, p.5)* (Docs. 31 and 32; collectively, the "Orders"). Those Orders denied the Debtor's requests for a temporary or permanent waiver of the credit counseling requirement, and each provided:

> On or before March 4, 2016, the Debtor must file documentation to show that he received the required credit counseling pre-petition, or a proper motion for a temporary waiver that contains sufficient allegations pursuant to § 109(h), failing which the case shall be dismissed.

The Debtor did not comply with either of these Orders.

The Debtor has filed numerous pleadings in this case including one entitled *Certificate of Counseling* (Doc. 27), that shows that the Debtor apparently obtained credit counseling on February 4, 2016, thirteen days after he filed his Chapter 7 petition. That is insufficient upon which to permit this case to continue.[1]

The Debtor does not qualify as a "debtor" under the Bankruptcy Code. Section 109(h)(1) provides, in pertinent part:

> *[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual*, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.[2]

Bankruptcy Code Section 109(h)(3) permits a debtor to submit a certification that reflects exigent circumstances that are sufficient to permit a waiver, and that meets other specified criteria. The Debtor did not submit such a certification. A debtor may be entitled to a temporary waiver of the credit counseling requirement,

---

[1] *In re Booth*, No. 05-45002, 2005 WL 3434776 (Bankr. N.D. Fla. Oct. 20, 2005); *see also In re Fortman*, 456 B.R. 370 (Bankr. N.D. Ind. 2011); *In re Crawford*, 420 B.R. 833 (Bankr. D.N.M. 2009); *In re Seaman*, 340 B.R. 698 (Bankr. E.D.N.Y. 2006); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006).
[2] 11 U.S.C. § 109(h)(1).

which would permit completion of credit counseling after filing the petition, but only in very limited circumstances. *See* 11 U.S.C. § 109(h)(3). Most debtors will not be able to meet these conditions. This Debtor has not. In order to qualify for a temporary waiver, a debtor must satisfy all of the following conditions:

> (a) The debtor must have requested credit counseling from an approved nonprofit budget and credit counseling agency, but was unable to obtain the required services during the 7-day period beginning on the date on which the debtor made that request; and
>
> (b) Exigent (emergency) circumstances must exist that the court determines merit a waiver of the pre-petition credit counseling requirement; and
>
> (c) The debtor must file a certification stating the facts regarding the conditions listed above in paragraphs (a) and (b) with the petition, and the certification must be satisfactory to the court.

The Debtor appears to maintain that actions of the parties he named as defendants in A.P. 16-04003 caused him to file this case without first obtaining credit counseling. But, he offers no explanation of why or how any such alleged actions

caused an emergency situation such that he did not have time to, or try to, obtain credit counseling before filing the Petition.[3]

In the event the Debtor elects to file another bankruptcy petition, the Court strongly urges him to seek an attorney. Bankruptcy is not a simple process. The Court provided the Debtor a "Notice of Pro Bono Services," on which are listed various organizations, including the Northern District of Florida Bankruptcy Pro Bono Initiative, through which a debtor might obtain free or reduced rate legal services (Doc. 11).

If the Debtor files another bankruptcy petition in this Court without an attorney he, like other litigants, will be required to meet all deadlines and comply with applicable rules. The same will be true with any additional adversary proceeding the Debtor may file. The lack of an attorney will not be an excuse for missed deadlines, missing or inadequate documents or forms, failure to properly serve pleadings, or failure to follow the rules, whether in an administrative bankruptcy case or an adversary proceeding.

Neither the Court nor the Clerk's Office can provide the Debtor with legal advice.

Due to this order of dismissal, the Debtor will not receive a discharge in this case. If the Debtor refiles for bankruptcy within one year after dismissal, protection

---

[3] It appears that the actions the Debtor complains of in the Complaint began in 2001 or 2002 (A.P. 16-04003, Doc. 1, pp. 7-8).

from creditors under the Bankruptcy Code's automatic stay may be limited to thirty (30) days after filing the new case.

For the reasons stated, it is

ORDERED:

1. This Chapter 7 bankruptcy case is DISMISSED.

2. All pending motions in this case are DENIED AS MOOT.

3. Hearings currently scheduled in this case, if any, are CANCELED.

4. The Debtor shall not be permitted to file another bankruptcy petition in this Court until or unless he has paid any and all fees that may be due to the Clerk of this Court, whether in connection with this case or A.P. 16-04003.

DONE and ORDERED on     March 30, 2016         .

KAREN K. SPECIE
United States Bankruptcy Judge

cc: All interested parties

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311